**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| NICOLE MORAGA, on behalf of herself and all others similarly situated, )<br><br>*Plaintiff*, )<br><br>v. )<br><br>MELISSA SLEDGE, CHANDLER ROSE, HOUSTON HAWLEY, KAREN JIMENEZ, NICK LAY, individually, PROVANTAGE CORPORATE SOLUTIONS,LLC, and IN DEMAND SERVICES, LLC, )<br><br>*Defendants*. ) | Civil Action No.: 1:26-cv-00019<br><br>**COLLECTIVE and CLASS ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Nicole Moraga, individually and on behalf of all others similarly situated, by and through counsel, alleges as follows:

## **INTRODUCTION**

1. This action seeks to recover unpaid compensation, including overtime premiums, as well as liquidated damages, penalties, interest, reasonable attorneys' fees, costs, and any other appropriate relief, under the Fair Labor Standards Act ("FLSA"), on behalf of Plaintiff and similarly situated current and former employees employed by Defendants Melissa Sledge, Chandler Rose, Houston Hawley, Karen Jimenez, Nick Lay, individually, (collectively "Individual Defendants"), Provantage Corporate Solutions, LLC ("Provantage"), and In Demand Services, LLC ("InDemand"), (all collectively referred to as "Defendants"), and who elect to opt into this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective," as more fully defined below).

2. This action also seeks to recover unpaid compensation, including overtime premiums, as well as statutory damages, interest, costs, and any other appropriate relief, under the

1

wage and hour laws of the following states: (a) North Carolina, (b) California, and (c) Illinois, as well as North Carolina state common law unjust enrichment and quantum meruit, on behalf of Plaintiff and similarly situated current and former employees who worked for Defendants in these respective states. The Individual Defendants are personally liable for the wage violations in these states because the Individual Defendants meet the definition of "employer" in each state.

3. Plaintiff will add other Rule 23 class action claims under the laws of other states as this case progresses.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendants are located in this district, do business in this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims because the state law claims arise out of the same nucleus of facts and are so related to the FLSA claims as to form part of the same case or controversy, the state law claims will not substantially dominate over the FLSA claim, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity. 28 U.S.C. § 1367.

## PARTIES

7. Plaintiff Nicole Moraga is an individual and a resident of the State of Arizona. Plaintiff Moraga's FLSA consent form is filed as an exhibit to this Complaint.

8. Individual Defendant Melissa Sledge is and/or was the Director of Support and Recruiting Operations for Provantage and InDemand. Ms. Sledge is and/or was responsible for

2

establishing and implementing the illegal pay practices and policies described in this Complaint. Ms. Sledge is a resident of Durham County, North Carolina.

9. Individual Defendant Chandler W. Rose is and/or was the CEO of InDemand and Provantage. Mr. Rose is and/or was responsible for establishing and implementing the illegal pay practices and policies described in this Complaint.

10. Individual Defendant Houston Hawley is and/or was the President of Provantage and InDemand. Mr. Hawley is and/or was responsible for establishing and implementing the illegal pay practices and polices described in this Complaint.

11. Individual Defendant Nick Lay is and/or was the Provantage Vice-President, Director of Construction Services, and/or Director of Client Relations. Mr. Lay is and/or was responsible for establishing and implementing the illegal pay practices and policies described in this Complaint.

12. Individual Defendant Karen Jimenez is and/or was Provantage Director of Operations. Ms. Jimenez is and/or was responsible for establishing and implementing the illegal pay practices and policies described in this Complaint.

13. Defendant Provantage Corporate Solutions, LLC is a North Carolina limited liability company. Provantage may be served through its Registered Agent, Chandler W. Rose, at 150 Penmarc Dr., Ste 110, Raleigh NC 27603.

14. Defendant In Demand Services, LLC is a North Carolina limited liability company. InDemand may be served through its Registered Agent, Chandler W. Rose, at 150 Penmarc Dr., Ste 110, Raleigh NC 27603.

15. Defendants Provantage and InDemand operate in concert in a common enterprise such that the actions of each may be imputed to the other, and/or they operate as joint employers

3

within the meaning of the FLSA and the state wage laws, and/or were otherwise legally responsible in some way for the matters alleged herein and proximately caused Plaintiff, and similarly situated employees, to be subject to the unlawful wage theft and pay practices described in this Complaint.

## FACTUAL ALLEGATIONS

### Defendants' Business and Employer Status

16. Provantage is a retail service organization "specializing in labor-intensive projects."[1] It contracts with retailers to provide manual labor for merchandising services. When a big-box retail store such as Lowes or Harbor Freight Tools opens a new store or remodels an existing store, it will hire a retail merchandising company such as Provantage to arrange and set up the merchandise, shelving, aisles, and other fixtures.

17. InDemand is a "sister" company of Provantage. InDemand performs the same merchandising services as Provantage but has only one client, Wal-Mart. InDemand and Provantage share ownership, management, company headquarters and corporate policies. They also share employees - it is common for Provantage to loan out its employees to InDemand on an as-needed basis, and vice versa.

18. Plaintiff has worked as a non-exempt, hourly field employee for Defendants, and has worked on projects for both Provantage and InDemand within the past three years. In 2023 alone, Plaintiff worked on a number of InDemand Wal-Mart projects, as well as Provantage projects for Lowe's and Harbor Freight Tools alongside numerous other hourly field employees of Defendants.

19. Indeed, Plaintiff worked for Defendants during the relevant time period in many states, including the following: Tennessee, Alabama, California, Louisiana, New Mexico, North

---

[1] https://provantage-corp.com.

4

Carolina, Ohio, Arkansas, Mississippi, South Carolina, Georgia, Florida, Texas, Illinois, and Nevada.

20. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

21. At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

22. Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

23. Defendants are an "employer" of Plaintiff and other members of the FLSA Collective within the meaning of the FLSA.

24. Defendants are an "employer" of Plaintiff and other members of the North Carolina Class within the meaning of the North Carolina wage laws. *See* N.C. Gen. Stat. §§ 95-25.1, *et seq*.

25. InDemand and the Individual Defendants are an "employer" of Plaintiff and the other members of the California Class within the meaning of the California wage laws and order. *See* Cal. Labor Code § 558.1.

26. Defendants are an "employer" of Plaintiff and other members of the Illinois Class within the meaning of the Illinois wage laws. *See* Ill. Admin. Code § 300.620.

27. Each of the Individual Defendants was an employer of Plaintiff and other members of the FLSA Collective and the state law Classes, as each Individual Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or was required to maintain records, including employment records.

5

**Defendants' Failure to Pay for All Hours Worked**

28.     Defendants handle retail service jobs for their clients across the country.  Plaintiff and other field workers thus have to travel long distances from one project to another.

29.     However, Defendants do not include Plaintiff's and other employees' travel time when calculating their overtime hours.  Instead, Defendants classify travel time in a separate "bucket" for overtime purposes such that it is excluded from overtime pay.

30.     Lastly, Defendants illegally take out a "commute deduction" of an hour for any trip that Plaintiff makes.  On information and belief, Defendants apply these corporate policies on a nationwide basis to all of their field personnel, which has the effect of denying them significant amounts of minimum wage and/or overtime pay and reducing their hourly pay to below minimum wage.

31.     Moreover, Defendants fail to ensure that Plaintiff and other field employees are logged into the timekeeping system while performing work.  Defendants thus repeatedly worked Plaintiff and other field employees off the clock without payment for minimum wage and/or overtime compensation.

32.     Defendants also blatantly failed to comply with state wage and hour laws.  For example, California law requires that employers pay overtime at the rate of one and one-half times the employee's regular rate of pay for all hours worked in excess of eight up to and including 12 hours in any workday, and for the first eight hours of work on the seventh consecutive day of work in a workweek, and double the employee's regular rate of pay for all hours worked in excess of 12 in any workday and for all hours worked in excess of eight on the seventh consecutive day of work in a workweek. InDemand and the Individual Defendants have not complied with the daily time-and-a-half and double-time laws.  Plaintiff regularly worked more than eight hours in a day when

6

she worked for InDemand and the Individual Defendants in California, yet she was not paid time-and-a-half times her regular rate of pay for each hour she worked in excess of eight up to twelve in a day. Plaintiff also regularly worked more than twelve hours in a day when she worked for InDemand and the Individual Defendants in California, yet she was not paid double her regular rate of pay for each hour she worked in excess of twelve hours in a day. Plaintiff also regularly worked seven or more consecutive days when she worked for InDemand and the Individual Defendants in California, yet she was not paid double her regular rate of pay for each hour above eight on the seventh consecutive day of work in a workweek. Others that worked with Plaintiff for InDemand and the Individual Defendants in California experienced these same violations of California wage and hour laws.

33. Plaintiff and the other field employees reasonably expected to be paid for all hours worked at the hourly rates they agreed to be paid.

34. At all times relevant, Defendants agreed to pay the Plaintiff and the field employees set hourly wages for the hours that they worked, and Plaintiff and the field employees performed work for Defendants with the expectation that they would be paid for all their time worked, but they were not. Defendants have benefited from Plaintiff's and the field employees' work, thereby unjustly enriching themselves at the expense of Plaintiff and the field employees, and rendering their retention of those benefits unjust under the circumstances and violating state law as to payment of wages, overtime, and prompt payment.

35. Defendants' unlawful pay policies/practices alleged in this Complaint are the result of systematic and company-wide policies/practices originating at the corporate level.

36. The off-the-clock work performed by Plaintiff and the members of the FLSA Collective and State Law Classes, including travel time, was compensable as straight time or

7

overtime hours worked because the work was required by Defendants, performed for Defendants' benefit, and/or was a necessary, integral, and indispensable part of their principal activities. Despite this, Plaintiff and the members of the FLSA Collective and State Law Classes were not paid for this off-the-clock work, including both straight time and overtime at the rate of one and one-half times the regular rate for the hours worked in excess of forty (40), as required by the FLSA and state law.

**Defendants' Record Keeping Violations**

37. The FLSA required Defendants to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

38. Specifically, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

39. Defendants kept records of hours worked by Plaintiff and members of the FLSA Collective and State Law Classes. However, Defendants willfully and intentionally transmitted post-edited, rounded, modified, and inaccurate and/or incomplete records, which do not include all compensable work required by, performed for, and to the benefit of Defendants which had the direct effect of reducing Defendants' labor costs to the detriment of Plaintiff and members of the FLSA Collective and State Law Classes. Thus, Defendants willfully and intentionally did not properly record and pay for all hours worked in violation of the FLSA's record keeping

8

requirements.

<b><u>The Willfulness of Defendants' Violations</u></b>

40. By denying Plaintiff and members of the FLSA Collective overtime compensation and/or the other pay to which they were entitled, as has been discussed above, Defendants' acts were not based upon good faith.

41. Defendants are large and highly sophisticated employers and individuals, fully aware of the requirements of federal and state law with respect to payment of wages. Through legal counsel as well as their in-house human resources department and industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal laws recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendants therefore knew about the overtime compensation requirements of federal law or acted in reckless disregard as to Defendants' obligations under these laws.

42. Furthermore, Defendants have been sued in California for wage and hour violations and settled such claims as are described in this Complaint. However, Defendants have refused to compensate employees who perform the same job functions for Defendants' repeated wage violations.

43. Accordingly, Defendants' actions were willful within the meaning of the FLSA.

44. Defendants' failure to compensate Plaintiff and members of the FLSA Collective and State Law Classes for hours worked, including those hours more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay, constitutes a willful violation of the FLSA, 29 U.S.C. § 207, and Defendants lack the factual or legal bases to support

9

a good faith defense.

45.     Plaintiff and members of the FLSA Collective and the State Law Classes as applicable are therefore entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. § 216(b), as well as all other statutory and other damages obtainable under the FLSA and applicable state law.

**FLSA COLLECTIVE OVERTIME ALLEGATIONS**
**(As to COUNT I)**

46.     Plaintiff incorporates by reference the forgoing allegations as if fully rewritten here.

47.     Plaintiff brings Count I, the FLSA claim, as an opt-in action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following persons:

> All current and former non-exempt, hourly field employees who worked for Defendants within the United States during the three-year period preceding the commencement of this action through the present plus periods of applicable tolling (the "FLSA Collective")

48.     Plaintiff, on behalf of herself and FLSA Collective, seeks relief on a collective basis challenging Defendants' practice of failing to accurately record work time and pay their employees for all hours worked, including overtime premiums.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential FLSA Collective Members may easily and quickly be notified of the pendency of this action

49.     Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants; all utilize Defendants' time-keeping system, which failed to accurately record and report all hours worked; all were subjected to Defendants' unlawful policy/practice of working off the clock including not being paid for all work-required travel time; all were similarly deprived of earned compensation, including overtime premiums, as

10

a result of Defendants' failure to accurately record and pay for all hours worked; and all have the same claims against Defendants for unpaid minimum wage and/or overtime compensation, as well as for liquidated damages, attorneys' fees, and costs.

50.    Plaintiff will fairly and adequately protect the interests of the FLSA Collective Members, and has retained counsel that is experienced and competent in the fields of wage and hour law and collective action litigation.  Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

### NORTH CAROLINA CLASS ACTION ALLEGATIONS
### (As to COUNTS II and III)

51.    Plaintiff incorporates by reference the forgoing allegations as if fully rewritten here.

52.    Plaintiff brings Count II (the NCWHA claim) and Count III (Unjust Enrichment/Quantum Meruit) as class actions pursuant to Fed. R. Civ. P. 23, on behalf of herself and the following persons:

> All current and former non-exempt, hourly field employees who worked for Defendants within the State of North Carolina during the two-year period (or three-year period)[2] preceding the commencement of this action through the present plus periods of applicable tolling ("North Carolina Class Members").

53.    Plaintiff's Rule 23 class claims (Counts II and III) satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

54.    There are questions of law or fact common to the North Carolina Class, including but not limited to:

a.    whether Defendants employed the North Carolina Class Members within the meaning of the NCWHA;

---

[2] A two-year statute of limitations period applies to Count II (the NCWHA claim) and a three-year statute of limitations period applies to Count III (Unjust Enrichment/Quantum Meruit).

11

b. whether Defendants owed the North Carolina Class Members their agreed hourly rate in exchange for all work performed, including work required travel time, as a term and condition of their employment;

c. whether Defendants utilized a time-keeping mechanism that prohibited the North Carolina Class Members from reporting all hours worked on their timesheets used to calculate and process payroll checks;

e. whether Defendants' failure to accurately record and pay for all hours worked resulted in their failure to timely pay North Carolina Class Members all wages accruing to them on the regular payday;

f. whether Defendants' failure to pay the North Carolina Class Members for all work conferred an unfair benefit on Defendants to the detriment of Class Members;

g. whether Defendants are liable for all damages under the NCWHA, including but not limited to unpaid wages, interest, liquidated damages, costs, and attorneys' fees.

55. Plaintiff's claims are typical of the claims of other members of the North Carolina Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants and are based on the same legal theories as the claims of other North Carolina Class members.

56. The North Carolina Class, outlined above, is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the North Carolina Class consists of more than 100 persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendants have maintained, and was required to maintain, pursuant to the FLSA, as set forth above.

12

57. Plaintiff will fairly and adequately protect the interests of the North Carolina Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the North Carolina Class in this case.

58. The questions of law or fact that are common to the North Carolina Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the North Carolina Class, listed above, are common to the North Carolina Class as a whole, and predominate over any questions affecting only individual class members.

59. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense and risk of pursuing their claims individually.

60. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### CALIFORNIA CLASS ACTION ALLEGATIONS
### (As to COUNT IV) (Asserted Against InDemand and the Individual Defendants)

61. Plaintiff incorporates by reference the forgoing allegations as if fully rewritten here.

62. Plaintiff brings this claim under the California Labor Code as a Rule 23 class action.

63. Plaintiff brings Count IV as class actions pursuant to Fed. R. Civ. P. 23, on behalf of herself and the following persons:

All current and former non-exempt, hourly field employees who worked for InDemand and the Individual Defendants within the State of California during the four year period preceding the commencement of this action through the present plus periods of applicable tolling ("California Class Members").

64. As established above, Plaintiff's California Rule 23 class claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

65. The California Labor Code requires that all employees, including Plaintiff, receive 1.5 times their hourly rate as overtime premium compensation for hours worked over eight in one day. Cal. Lab. Code § 510 (2017); IWC Wage Orders #1-2001 through #17-2001.

66. Despite working over eight hours a day as part of their normal and regular shift, Plaintiff and the California Class did not receive the full overtime compensation at a rate not less than one-and-one-half times their proper regular rates for all hours worked over eight in one day.

67. The California Labor Code also requires that all employees, including Plaintiff and the California Class, receive two times the overtime premium compensation for hours worked over 12 in one day. Cal. Lab. Code § 510 (2017); IWC Wage Orders #1-2001 through #17-2001.

68. The California Labor Code requires that all employees, including Plaintiff and the California Class, receive two times the overtime premium compensation for hours worked over 8 in one day, in the seventh day of a workweek. Cal. Lab. Code §§ 510, 551–52 (2017); IWC Wage Orders #1-2001 through #17-2001.

69. Although Plaintiff and the California Class regularly worked seven days a week, they did not receive the "double time" compensation required by California law for all hours over eight worked on the seventh day.

70. In accordance with the mandates of California Labor Code sections 226.7 and 512,

14

and applicable IWC Wage Orders, Plaintiff and the California Class had the right to take two uninterrupted 30-minute meal periods for each day she worked 10 hours per day and a 10 minute rest period for every four hours worked per day. Cal. Lab. Code §§ 226.7, 512; IWC Wage Orders #1-2001 through #17-2001.

71. Although the California Labor Code requires that all employees, including Plaintiff and the California Class, receive two, 30-minute meal-period breaks when employed for ten hours per day, Plaintiff and the California Class did not receive two meal-period breaks for each day worked, despite working shifts of 12 hours or more. Cal. Lab. Code § 512; IWC Wage Orders #1-2001 through #17-2001.

72. As a pattern and practice, InDemand and the Individual Defendants did not provide Plaintiff and the California Class with meal-period breaks and did not provide proper compensation for this failure as required by California law.

73. Although the California Labor Code requires that all employees, including Plaintiff and the California Class, receive a 10-minute rest period for every four hours worked, Plaintiff and the California Class did not receive any rest periods during their shifts of 12 or more hours. Cal. Lab. Code § 512; IWC Wage Orders #1-2001 through #17-2001.

74. As a pattern and practice, InDemand and the Individual Defendants did not provide Plaintiff and the California Class with rest-period breaks and did not provide proper compensation for this failure as required by California law.

75. Plaintiff and the California Class are entitled to receive compensation, at their regular rate of pay, of one hour for each day they were denied their lawfully required meal- and rest-periods. Cal. Lab. Code § 512; IWC Wage Orders #1-2001 through #17-2001.

15

76.     The policy of InDemand and the Individual Defendants failed to provide Plaintiff and the California Class with the legally mandated meal period breaks. Such a pattern, practice, and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the California Class in a civil action, for the balance of the unpaid compensation pursuant to Labor Code sections 226.7 and 512.

77.     As a result of the failure of InDemand and the Individual Defendants to comply with federal and state law, Defendants have also violated the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et. seq.*, which prohibits unfair competition by prohibiting any unlawful or unfair business actions or practices.

78.     The relevant acts by InDemand and the Individual Defendants occurred within the four years preceding the filing of this action.

79.     On information and belief, InDemand and the Individual Defendants have engaged in unlawful, deceptive, and unfair business practices, pursuant to California's Business and Professions Code section 17200, *et seq.*, including those set forth above, depriving Plaintiff and the California Class of minimum working condition standards and conditions under California law and IWC Wage Orders as set forth above.

80.     Plaintiff and the California Class are entitled to restitution for unpaid overtime wages and unpaid California Labor Code § 203 continuation wages.

<u>**ILLINOIS CLASS ACTION ALLEGATIONS**</u>
<u>**(As to COUNT V)**</u>

81.     Plaintiff incorporates by reference the forgoing allegations as if fully rewritten here.

82.     Plaintiff brings this claim under the IMWL individually and as a Rule 23 class action claim.

16

83.     Plaintiff brings Count IV as class actions pursuant to Fed. R. Civ. P. 23, on behalf of herself and the following persons:

All current and former non-exempt, hourly field employees who worked for Defendants within the State of Illinois during the three year period preceding the commencement of this action through the present plus periods of applicable tolling ("Illinois Class Members").

84.     Defendants are an employer under the IMWL. *See* 820 ILCS 105/3.

85.     During all relevant times, Defendants were subject to the requirements of the IMWL.

86.     During all relevant times, Plaintiff and the Illinois Class were covered employees entitled to the IMWL's protections. *See* 820 ILCS 105/3.

87.     During all relevant times, Defendants employed Plaintiff and the Illinois Class as "employees" within the meaning of the IMWL.

88.     The IMWL requires employers like Defendants to pay non-exempt employees at one and one-half times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. *See* 820 ILCS 105/4; 820 ILCS 105/4a.

89.     Plaintiff and the Illinois Class are entitled to overtime pay under the IMWL.

90.     Defendants have and had a policy and practice of failing to pay Plaintiff and the Illinois Class for all time worked including minimum wage and/or overtime compensation.

91.     Plaintiff and the Illinois Class seek unpaid minimum wages and/or overtime in an amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, treble damages, damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid, and such other legal and equitable relief as the Court deems just and proper. 820 ILCS § 105/12(a).

17

92.     Plaintiff incorporates by reference the foregoing allegations as if fully written here.

93.     Defendants paid Plaintiff and the FLSA Collective Action Members on an hourly basis, and they are and were all entitled to the overtime protections of the Fair Labor Standards Act as set forth in 29 U.S.C. §§ 201, *et seq.*

94.     At all relevant times, Defendants have been, and continue to be, subject to the minimum wage and overtime provisions of the FLSA.

95.     Plaintiff and other similarly situated non-exempt employees performed off-the-clock work including work-required travel, causing them to work in excess of forty (40) hours in certain workweeks.

96.     As a result of this off-the-clock work, Plaintiff and the FLSA Collective Members were deprived of FLSA-mandated overtime premiums.

97.     This work was performed at Defendants' direction and/or with Defendants' knowledge.

98.     Defendants willfully violated the FLSA by failing to pay Plaintiff and the other FLSA Collective Members all wages due including overtime premiums for hours accrued beyond forty (40) in a workweek.

99.     Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions complied with the FLSA.

100.    As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, Defendants have unlawfully withheld wages from Plaintiff and the FLSA Collective

18

Members.

101.    Accordingly, Defendants are liable to Plaintiff and the FLSA Collective Members for unpaid wages including minimum wages and/or overtime compensation, an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

**<u>COUNT II</u>**
**(State Law Claims for Violations of the North Carolina Wage and Hour Act)**
*On Behalf of Plaintiff and the North Carolina Class*

102.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

103.    Plaintiff brings Count II on behalf of herself individually and all North Carolina Class Members, pursuant to Fed. R. Civ. P. 23.

104.    At all material times hereto, Plaintiff and the North Carolina Class Members were employed by Defendants within the State of North Carolina and have been entitled to the rights, protections, and benefits provided under the North Carolina Wage and Hour Act.

105.    Pursuant to N.C.G.S. §§ 95-25.1 *et seq.*, Plaintiff brings Count II individually and on behalf of the North Carolina Class Members for Defendants' unlawful withholding of straight time and overtime wages in violation of the North Carolina Wage and Hour Act.

106.    The state law claim, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt out of the Class.

107.    Defendants are subject to the pay requirements of N.C.G.S. § 95-25.1 *et seq.*, including § 95-25.6, because Defendants are an employer in the state of North Carolina as defined in N.C.G.S. § 95-25.2(5), and Plaintiff and the North Carolina Class Members are employees as defined in N.C.G.S. § 95-25.2(4).

19

108. Pursuant to N.C.G.S. § 95-25.6, Defendants are required to pay Plaintiff and the North Carolina Class Members all wages accruing to the employee at the next regular payday.

109. By refusing to allow Plaintiff and the NCWHA Class Members to report all hours worked on their payroll timesheets, and thereby refusing to pay for Plaintiff's and NCWHA Class Members' actual hours worked, including work related travel time, Defendants willfully reduced the total number of straight time and overtime hours on Plaintiff's and North Carolina Class Members' paychecks.

110. These unlawful policies and practices resulted in Defendants' systematic withholding of wages in violation of N.C.G.S. § 95-25.1 *et seq.*, entitling Plaintiff and the North Carolina Class Members to all available remedies set forth in N.C.G.S. § 95-25.22.

## COUNT III
### (North Carolina Claims for Unjust Enrichment / Quantum Meruit)
### *On Behalf of Plaintiff and the North Carolina Class*

111. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten here.

112. Plaintiff brings Count III on behalf of herself individually and the members of the North Carolina Class, pursuant to Fed. R. Civ. P. 23.

113. As alleged above, the terms of compensation established by Defendants promised employees they would be paid their established hourly rate for all hours worked. However, Plaintiff and the North Carolina Class Members were not paid their established hourly rates for all work completed but were instead paid less than agreed as a result of Defendants' time deduction policies and practices detailed above.

114. Defendants have been unjustly enriched at the expense of Plaintiff and the North Carolina Class Members. Defendants were unjustly enriched by the retention of promised hourly

20

wages that were earned and that rightfully belong to Plaintiff and other members of the North Carolina Class. Defendants were unjustly enriched in that it induced Plaintiff and other members of the North Carolina Class to perform work for their benefit and then retained the benefit without having paid for the same.

115. Allowing Defendants to retain the benefits provided by Plaintiff and other North Carolina Class Members – free, unpaid labor – under the circumstances presented as outlined above, is demonstrably unjust.

116. As a direct and proximate result of Defendants' unjust enrichment and quantum meruit described herein, Plaintiff and other members of the North Carolina Class have been damaged in an amount to be determined at trial, including but not limited to all time worked by Plaintiff and the North Carolina Class Members but not paid by Defendants.

117. Having injured Plaintiff and other members of the North Carolina Class, Defendants are liable to Plaintiff and other members of the North Carolina Class in the full amount of regular wages that remain unpaid, exemplary or punitive damages as applicable, pre- and post-judgment interest as applicable, costs and reasonable attorney's fees as may be allowed by the Court, an award of damages representing Defendants' employers' share of FICA, FUTA, state employment insurance, and any other required employment taxes, and such other and further relief as provided under law.

**COUNT IV**
**(State Law Claims for Violations of the California Labor Code and Wage Orders)**
**On Behalf of Plaintiff and the California Class**

118. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten here.

119. As stated above, Defendants have and had a policy and practice of failing to pay

21

Plaintiff and the California Class for all time worked including minimum wage and/or overtime compensation due under the California Labor Code, Wage Orders, and California Unfair Competition Law.

120. Defendants are thus liable to Plaintiff and the California Class for all unpaid compensation including minimum wage and/or overtime, and all applicable additional damages, penalties and interest.

## COUNT V
### (State Law Claims for Violations of the IMWL)
### On Behalf of Plaintiff and the Illinois Class

121. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten here.

122. As stated above, Defendants have and had a policy and practice of failing to pay Plaintiff and the Illinois Class for all time worked including minimum wage and/or overtime compensation due under the IMWL.

123. Defendants are thus liable to Plaintiff and the Illinois Class for all unpaid compensation including minimum wage and/or overtime, and all applicable additional damages, penalties and interest.

**WHEREFORE**, Plaintiff and all similarly situated employees demand judgment against Defendants, and pray this Court:

1. Certify the claim set forth in Count I above as a collective action pursuant to Section 216(b) of the FLSA and issue notice to the FLSA Collective, informing them of their right to file consents to join the FLSA portion of this action;

2. Certify a Rule 23 class action on behalf of the North Carolina Class employees;

3. Certify a Rule 23 class action on behalf of the California Class employees;

22

4. Certify a Rule 23 class action on behalf of the Illinois Class employees;

5. Award Plaintiff and the North Carolina Class all unpaid minimum wage, overtime, and other damages available under the NCWHA;

6. Award Plaintiff and the North Carolina Class compensatory damages and/or disgorged profits and interest earned by Defendants on unpaid hourly wages;

7. Award Plaintiff and the California Class all unpaid minimum wage, overtime, and other damages available under the California Labor Code;

8. Award Plaintiff and the Illinois Class all unpaid minimum wage, overtime, and other damages available under the IMWL;

9. Award Plaintiff and all similarly situated FLSA Collective employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

10. Award Plaintiff and FLSA Collective and Class Action Members prejudgment and post-judgment interest as provided by law;

11. Award Plaintiff and the Putative Collective and/or Class Action Members their reasonable attorneys' fees and expenses as provided by the FLSA, NCWHA, California Labor Code, and IMWL.

12. Appoint Plaintiff and her counsel as Collective and Class Counsel to represent the interests of the FLSA Collective and State Law Classes;

13. Award Plaintiff and all FLSA Collective and/or Class Action Members such other relief as this Court deems fair and equitable

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a jury trial on all claims with respect to which she has the right to a jury.

23

This the 7th day of January 2026.

Respectfully submitted,

*/s Matthew E. Lee*
Matthew E. Lee
N.C. Bar No.  35405
Jeremy R. Williams
N.C. Bar No. 48162
Eric G. Steber
N.C. Bar No. 54999
**LEE SEGUI, PLLC**
900 W Morgan St
Raleigh, NC  27603
Phone: (855) 796-7500
mlee@leesegui.com
jwilliams@leesegui.com
esteber@leesegui.com

Local Civil Rule 83.1(d) Attorney for Plaintiff

*/s Rowdy B. Meeks*
Rowdy B. Meeks, Bar No. 48349MO
*Notice of Special Appearance Forthcoming*
**ROWDY MEEKS LEGAL GROUP LLC**
8201 Mission Rd., Suite 250
Prairie Village, KS 66208
Tel.   913 766-5585
Fax     816 875-5069
rowdy.meeks@rmlegalgroup.com
www.rmlegalgroup.com

Josh Borsellino
Texas State Bar No. 24045532
*Notice of Special Appearance Forthcoming*
**Borsellino, P.C.**
Office Address:
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Mailing Address:
3267 Bee Cave Rd., Ste. 107, PMB # 201
Austin, TX 78746
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com

**ATTORNEYS FOR PLAINTIFFS**

24